UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANIEL WOLFE

Plaintiff,

v.

NANCY A. BERRYHILL,[1] Commissioner of Social Security,

Defendant.

---

**DECISION and ORDER**

**17-CV-00270-LGF (consent)**

APPEARANCES:

LAW OFFICES OF KENNETH R. HILLER
Attorneys for Plaintiff
BRANDI SMITH, of Counsel
6000 Bailey Avenue
Suite 1A
Amherst, New York 14226

JAMES P. KENNEDY, JR.
UNITED STATES ATTORNEY
Attorney for Defendant
KATHRYN SARA POLLACK
Special Assistant United States Attorney, of Counsel
Federal Centre
138 Delaware Avenue
Buffalo, New York 14202, and

STEPHEN P. CONTE
Regional Chief Counsel
United States Social Security Administration
Office of the General Counsel, of Counsel
26 Federal Plaza
Room 3904
New York, New York 10278

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn Colvin as the defendant in this suit. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On June 19, 2018, the parties consented, in accordance with a Standing Order (Dkt. No. 15), to proceed before the undersigned. (Dkt. No. 15-1). The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, filed by Plaintiff on August 28, 2017 (Dkt. No. 9), and by Defendant on November 27, 2017 (Dkt. No. 13). For the reasons discussed below, Plaintiff's motion is denied and the Commissioner's motion is granted.

## BACKGROUND and FACTS

Plaintiff Daniel Wolfe ("Plaintiff"), brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Commissioner of Social Security ("the Commissioner" or "Defendant") decision denying his application for Supplemental Security Income ("SSI") benefits under Title II of the Act, and Social Security Disability Insurance ("SSDI") benefits under Title XVI of the Act, together ("disability benefits"). Plaintiff, born on November 25, 1973 (R. 203),[2] alleges that he became disabled on May 25, 2010, when he stopped working as a result of post-traumatic stress disorder ("PTSD"), depression, osteoarthritis in both knees, and spinal issues (R. 259).

Plaintiff's application for disability benefits was initially denied by Defendant on October 24, 2013 (R. 90), and, pursuant to Plaintiff's request on October 30, 2013, a hearing was held before Administrative Law Judge Steven Cordovani ("Judge

[2] "R" references are to the page numbers of administrative record electronically filed in this case for the Court's review. (Dkt. No. 7).

Cordovani") or ("the ALJ") on October 22, 2015, in Buffalo, New York, at which Plaintiff, represented by Kenneth A. Hiller, Esq. ("Hiller") appeared and testified. (R. 36-72). Vocational expert ("VE") Margaret Heck also appeared and testified. (R. 72-89). The ALJ's decision denying Plaintiff's claim was rendered on March 8, 2016. (R. 18-28). Plaintiff requested review by the Appeals Council, and on January 31, 2017, the ALJ's decision became Defendant's final decision when the Appeals Council denied Plaintiff's request for review. (R. 1-3). This action followed on March 28, 2017, with Plaintiff alleging that the ALJ erred by failing to find him disabled. (Dkt. No. 1).

On August 28, 2017, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 9) ("Plaintiff's Memorandum"). Defendant filed, on November 27, 2017, Defendant's motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No. 13) ("Defendant's Memorandum"). Plaintiff filed a reply to Defendant's motion on the pleadings on December 18, 2017 ("Plaintiff's Reply Memorandum") (Dkt. No. 14). Oral argument was deemed unnecessary.

## DISCUSSION

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the decision is based on legal error. *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence" means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

## A. <u>Standard and Scope of Judicial Review</u>

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). When evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the claimant and others), and . . . educational background, age and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)). If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight. *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). The Commissioner's final determination will be affirmed, absent legal error, if it is supported by substantial evidence. *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3). "Congress has instructed . . . that the factual findings of the Secretary,[3] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

---

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). If the claimant is engaged in such activity the inquiry ceases and the claimant is not eligible for disability benefits. *Id.* The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in the applicable regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Absent an impairment, the applicant is not eligible for disability benefits. *Id.* Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[4] 42 U.S.C. §§ 423(d)(1)(A) and 1382(c)(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920. *See also Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional

[4] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

capacity" and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits. *Id.* Finally, if the applicant is unable to perform any past work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment. 20 C.F.R. §§ 404.1520(f), 416.920(f). *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [her] past work"). If the Commissioner finds that the applicant cannot perform any other work, the applicant is considered disabled and eligible for disability benefits. 20 C.F.R. §§ 404.1520(g), 416.920(g). The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment. *Berry,* 675 F.2d at 467.

In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision. 20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

In the instant case, the only challenge Plaintiff raises is that the ALJ, at the fourth step of the analysis, failed to develop the record regarding Plaintiff's residual functional capacity.

**B. Substantial Gainful Activity**

The first inquiry is whether the applicant engaged in substantial gainful activity. "Substantial gainful activity" is defined as "work that involves doing significant and

productive physical or mental duties" done for pay or profit. 20 C.F.R. § 404.1510(a)(b). Substantial work activity includes work activity that is done on a part-time basis even if it includes less responsibility or pay than work previously performed. 20 C.F.R. § 404.1572(a). Earnings may also determine engagement in substantial gainful activity. 20 C.F.R. § 404.1574. In this case, the ALJ concluded Plaintiff had not engaged in substantial gainful activity since July 1, 2010, Plaintiff's alleged onset date of disability. (R. 19). Plaintiff does not contest this finding.

**C. Severe Physical or Mental Impairment**

The second step of the analysis requires a determination whether the disability claimant had a severe medically determinable physical or mental impairment that meets the duration requirement in 20 C.F.R. § 404.1509 ("§ 404.1509"), and significantly limits the claimant's ability to do "basic work activities." If no severe impairment is found, the claimant is deemed not disabled and the inquiry ends. 20 C.F.R. § 404.1420(a)(4)(ii).

The Act defines "basic work activities" as "abilities and aptitudes necessary to do most jobs," and includes physical functions like walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b) ("§ 404.1521(b)"), 416.921(b). The step two analysis may do nothing more than screen out *de minimus* claims, *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995), and a finding of a non-severe impairment should be made only where the medical evidence establishes only a slight abnormality which would have no more than

a minimal effect on the claimant's ability to work. *Rosario v. Apfel,* 1999 WL 294727, at *5 (E.D.N.Y. Mar. 19, 1999) (quoting Social Security Ruling ("SSR") 85-28, 1985 WL 56856).

In this case, the ALJ determined that Plaintiff suffered from the severe impairments of osteoarthritis of the bilateral knees status post surgery, status post fusion at T10-12,[5] PTSD, depressive disorder and alcohol dependence. (R. 20). Plaintiff does not contest the ALJ's step two findings.

**D. <u>Listing of Impairments</u>**

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the criteria for disability under Appendix 1 of 20 C.F.R. Pt. 404, Subpt. P ("The Listing of Impairments"), specifically 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 1.02 ("§ 1.02") (Musculoskeletal Disorders), 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 1.04 ("§ 1.04") (Disorders of the spine), 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.04 ("§ 12.04") (Affective Disorders), and 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.09 ("§ 12.09") (Substance Addiction Disorders). (R. 21). Plaintiff does not contest the ALJ's step three findings.

**E. <u>Residual functional capacity</u>**

Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to

---

[5] T10 and T12 are numbered sections of the thoracic spine.

meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform alternative work, 20 C.F.R. § 404.1520(a)(4)(iv), and prove that substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age, education, experience, and training. *Parker*, 626 F.2d 225 at 231. To make such a determination, the Commissioner must first show that the applicant's impairment or impairments are such that they nevertheless permit certain basic work activities essential for other employment opportunities. *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981). Specifically, the Commissioner must demonstrate by substantial evidence the applicant's "residual functional capacity" with regard to the applicant's strength and "exertional capabilities." *Id*. An individual's exertional capability refers to the performance of "sedentary," "light," "medium," "heavy," and "very heavy" work. *Decker*, 647 F.2d at 294.

**Duty to develop the record**

Plaintiff contends that the ALJ failed to complete a gap in the record by obtaining updated mental health records from the Greene Correctional Facility and Genesee County Mental Health Facility. Plaintiff's Memorandum at 14-18. Defendant maintains that the ALJ, at Plaintiff's request, agreed to hold the record open for 30 days, and, upon receiving no indication from Plaintiff's counsel that an extension of time was required, closed the record. Defendant's Memorandum at 11-13.

It is the duty of the ALJ to develop the administrative record. *See Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996). At Plaintiff's administrative hearing on October 22, 2015, the ALJ granted Plaintiff's counsel 30 days to submit records from the Greene

Correctional Facility (R. 88), indicating that if neither the additional medical records nor correspondence requesting an extension of time or a reason for the delay was received within 30 days, the ALJ would assume that no additional records existed to supplant the record and the record would be closed. (R. 54). The ALJ placed onus on the Plaintiff to submit additional evidence putting Plaintiff's counsel on notice that a decision would be made on the existing record unless the ALJ received notice of a delay. The ALJ thus properly discharged his duty to develop the record. *See Jordan v. Commissioner of Social Security*, 142 Fed. App'x. 542, 543 (2d Cir. 2005) (no remand where ALJ held record open for 30 days to provide Plaintiff's counsel the opportunity to submit additional medical records with notice that a decision on the record would be made without additional evidence timely submitted), and Plaintiff's motion on this issue is without merit.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 9) is DENIED; Defendant's motion (Doc. No. 13) is GRANTED. The Clerk of Court is ordered to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: July 16, 2018
Buffalo, New York